IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Willie Joe Harrison,       )<br>                              )<br>              Petitioner   )<br>                              )<br>v.                           )<br>                              )<br>United States of America,   )<br>                              )<br>              Respondent.  )<br>_____) | CR NO: 6:07-CR-552<br><br>**OPINION and ORDER** |

This matter is before the court on Willie Joe Harrison's ("Harrison") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 63), and the Government's motion for summary judgment (ECF No. 69). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Jackson of the summary judgment procedure and the consequences if he failed to respond. (ECF No. 70). Jackson failed to respond. (ECF No. 72). For the reasons set forth below, the court finds that a hearing on Jackson's motion is unnecessary and that the Government's motion for summary judgment should be granted.

## I.   PROCEDURAL HISTORY

On August 2, 2007, a jury convicted Harrison for possession of a firearm by a convicted felon in violation of 21 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). (ECF No. 30). The Presentence Investigation Report ("PSR") recommended that Harrison's sentence be enhanced under the Armed Career Criminal Act ("ACCA") on the basis of four qualifying convictions: (1) armed robbery; (2) possession with intent to distribute cocaine; (3) second degree criminal sexual conduct with a minor (11-14 years old); and (4) two counts of assault and battery of high and aggravated nature ("ABHAN"). (ECF No. 36). The PSR therefore recommended a sentence of 235 months, and then a supervised release for a period of 5 years. (ECF No. 36-2, p. 2). On

1

November 1, 2007, Harrison was sentenced by then United States District Judge Henry F. Floyd to 220 months in prison, followed by five years' supervised release. (ECF No. 37).[1]

Thereafter, Harrison filed a notice of intent to appeal. (ECF No. 39). He argued that there was insufficient evidence to convict him. (ECF No. 58, p. 2). On July 21, 2008, the Fourth Circuit affirmed his conviction and sentence. (ECF No. 58).

On May 22, 2014, Jackson filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 63). His motion is based on subsection (f)(3) in light of the United State Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and the Fourth Circuit decision in *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013). (ECF No. 63, p. 14).

## II. STANDARD OF REVIEW

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or Laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A prisoner must file the motion within one-year of: (1) the date on which the conviction became final; (2) the date of the removal of a governmental impediment that prevented the prisoner from filing for relief; (3) the date the United States Supreme Court initially recognized a new right that was made retroactively applicable to cases on collateral review; or (4) the date that previously

---

[1] This case was assigned to the undersigned on May 22, 2014. (ECF No. 62).

undiscoverable evidence was uncovered.[2]  28 U.S.C. § 2255(f).  "If a prisoner cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely."  *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003).

To determine whether Harrison meets the requirements of § 2255(f)(3), the court engages in a three-step inquiry.  *See United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001) (citations omitted).  "First, the court must determine the date on which the defendant's conviction became final."[3]  *Id.*  "Second, the court must decide whether the Supreme Court's ruling indeed constitutes a 'new rule' of constitutional criminal procedure."  *Id.*  "Third, if the rule is new, then it does not apply retroactively unless it falls within one of the two narrow exceptions to the *Teague* bar."  *Id.* at 146-47.

A rule is new if "the result was not *dictated* by precedent existing at the time the defendant's conviction became final."  *Teague v. Lane*, 489 U.S. 288, 301 (1989); *see, e.g.*, *Frazer v. South Carolina*, 430 F.3d 696, 704-05 (4th Cir. 2005) (examining the reasoning of the case and underlying authority to determine if the Supreme Court created a new rule).  Generally new constitutional rules are not "applicable to those cases which have become final before the new rules are announced."  *Teague*, 489 U.S. at 310.  "The strong presumption against retroactive application of new rules of constitutional law is necessary to protect 'the principle of finality which is essential to the operation of our criminal justice system,' and it is also vital to minimize the intrusion that results when state courts 'faithfully apply existing constitutional law only to have a federal court discover, during a [habeas] proceeding, new constitutional commands.'"  *United States v. Mathur*, 685 F.3d 396, 399 (4th Cir. 2012) (citing *Teague*, 489

---

[2] Harrison argues that only the Section 2255(f)(3) exception to the statute of limitations applies to his case. *See* (ECF No. 63, p. 14).

[3] The Fourth Circuit entered judgment in his case on July 21, 2008.  (ECF No. 59).  He had 90 days to seek certiorari from the Supreme Court.  Sup. Ct. R. 13.  He did not seek certiorari.  Accordingly, his conviction became final on October 19, 2008.

U.S. at 309-10).  There are two exceptions to the general rule of *Teague v. Lane*.  "First, 'a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'"  *Mathur*, 685 F.3d at 399 (quoting *Teague*, 489 U.S. at 311).  "Second, a new procedural rule should apply retroactively if it is 'implicit in the concept of ordered liberty' and if, without the procedure, 'the likelihood of an accurate conviction is seriously diminished.'"  *Id.* (quoting *Teague*, 489 U.S. at 311).[4]

The ACCA enhances the sentence of defendants who were convicted of possessing a firearm in violation of 18 U.S.C. § 922(g),[5] and who have three prior convictions for "a violent felony or a serious drug offense."  18 U.S.C. § 924(e)(1).  The term "'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person or another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  When determining whether a crime is a "violent felony," courts generally use the categorical approach, which examines the statutory definition of the underlying crime.  *United States v. Montes-Flores*, 736 F.3d 357, 364 (4th Cir. 2013) (citations omitted).  Accordingly, the focus is not on the underlying conduct of the defendant.  *Id.* (citations omitted).  The term "serious drug offense" means, in pertinent part, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a

---

[4] Under this second exception, the Supreme Court has rejected all claims, suggesting that *Gideon v. Wainwright*, 372 U.S. 335 (1963), might be the only case that qualifies under that exception.  *Mathur*, 685 F.3d at 399 (citations omitted).

[5] In the underlying case, a jury convicted Harrison for possession of a firearm in violation of § 922(g)(1).  (ECF No. 30).

maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.  *Anderson v. Liberty Lobby Inc.*, 447 U.S. 242, 255 (1986).

In deciding a § 2255 motion, the court is not required to hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

### III. ANALYSIS

Harrison asserts that he should be resentenced because his ABHAN conviction would not be a violent crime for purposes of the ACCA.  (ECF No. 63).  He relies on *United States v. Descamps*, 133 S. Ct. 2276 (2013), and *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013).  In *Hemingway*, the Fourth Circuit held that South Carolina's ABHAN statute was not a violent felony for purposes of the ACCA.  734 F.3d at 338.  Therefore, if Harrison was sentenced today, his ABHAN conviction could not be relied upon for determining whether Harrison is an armed career criminal.

Nonetheless, the court need not decide whether Harrison could prove that *Descamps* and *Hemingway* are new rules that apply retroactively[6] because he has more "than the requisite

---

[6] The court questions whether Harrison could even prove that *Descamps* is a new rule and that it applies retroactively.  *See* 28 U.S.C. § 2255(f)(3) (requiring both a new right and the Supreme Court to make that new right retroactive to cases on collateral review); *see also United States v. Lawrence*, No. 06-CR-00036, 2014 WL 4264800, at *4-5 (E.D. Wash. Aug. 29, 2014) ("While the issue of whether *Descamps* created a new right has not been addressed by the Ninth Circuit, district courts have uniformly dismissed that argument." (collecting cases)); *Thompson v. United States*, No. 02-cr-0248, 2014 WL 3809538 at *2 n.3 (D.S.C. July 30, 2014) (stating that "the Supreme Court has not indicated that *Descamps* applies retroactively to cases on collateral appeal, nor has the

number of violent felony [and serious drug offense] convictions to be sentenced as an armed career criminal." *See United States v. Adams*, 457 F. App'x 338, 340 (2011) (per curiam). Harrison has not argued that his convictions for armed robbery, criminal sexual conduct with a minor, and possession with intent to distribute cocaine were not qualifying crimes under the ACCA. *See* (ECF No. 63).

In any event, even if he did argue that those prior convictions were not qualifying crimes under the ACCA, his argument would fail. The ACCA requires only three previous convictions of a "violent felony or a serious drug offense" for enhancement. 18 U.S.C. § 924(e)(1). Armed robbery is certainly a "violent felony." *See* S.C. Code Ann. § 16-11-330 (defining armed robbery); *see, e.g.*, *United States v. Taylor*, 292 F. App'x 237, 238-39 (4th Cir. 2008) (armed robbery convictions are violent felonies). Criminal sexual conduct with a minor is also a violent felony. *See* S.C. Code Ann. § 16-3-655 (defining criminal sexual conduct with a minor); *see, e.g.*, *United States v. Perez-Perez*, 737 F.3d 950, 951 (4th Cir. 2013) (stating that "'[s]exual abuse of a minor' is listed as a qualifying crime of violence" under the sentencing guidelines (citing U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1 (B)(iii))); *United States v. Diaz-Ibarra*, 522 F.3d 343, 353 (4th Cir. 2008) (holding that felony attempted child molestation under a Georgia criminal statute is a crime of violence).

A conviction for possession with intent to distribute cocaine is a serious drug offense. Harrison pled guilty to possession with intent to distribute cocaine in 1990 in Georgia state court. (ECF No. 36, p. 5). Cocaine is listed a controlled substance under the Controlled Substances Act. *See* 21 U.S.C. § 812. The ACCA specifically lists "possess[ion] with intent to manufacture or distribute" in its definition. 18 U.S.C. § 924(e)(2)(A)(ii). Thus, the only question is whether

---

Fourth Circuit discussed the retroactivity of *Hemingway*"); *Randolph v. United States*, No. 09-cr-0244, 2013 WL 5960881 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal.").

possession with intent to distribute cocaine carried a sentence of at least ten years when Harrison was convicted. At the time of his conviction, under Georgia law, a conviction for possession with intent to distribute cocaine was a felony, requiring imprisonment of not less than five years nor more than thirty years. Ga. Code § 79A-811(d) (1974) (amended by 1980 Ga. Laws 432) (currently codified at Ga. Code Ann. 16-13-30). Accordingly, the conviction was a "serious drug offense" under the ACCA. *See* 18 U.S.C. § 924(e)(2)(A)(ii); *cf. United States v. Brandon*, 247 F.3d 186, 189 (4th Cir. 2001) ("Thus, it would appear that [defendant's] 1994 conviction [for trafficking drugs], which seems to involve only possession, not possession with intent to distribute, does not satisfy the requirements for sentence enhancement under [S]ection 924(e)."). Because Harrison has three qualifying convictions—two violent felonies and one serious drug offense—notwithstanding the ABHAN conviction, the court determines that Harrison was properly sentenced as an armed career criminal. *See, e.g.*, *Adams*, 457 F. App'x at 340 ("We need not resolve [whether a SC ABHAN conviction qualifies as a violent felony] because we find that Adams had more than the requisite number of violent felony convictions to be sentenced as an armed career criminal."); *United States v. Blitchington*, 378 F. App'x 346, 348 (4th Cir. 2010) ("[B]ecause Blitchington has three other qualifying convictions, the error is harmless.").

## IV. CONCLUSION

The court has conducted a thorough review of the pleadings, files, transcripts, and record in this case. Liberally construing Harrison's motion and construing the Government's motion for summary judgment in the light most favorable to the non-moving party, the court concludes the § 2255 Motion (ECF No. 63) should be **DISMISSED** and the Government's Motion for Summary Judgment (ECF No. 69) should be **GRANTED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

October 14, 2014
Anderson, South Carolina